Larry MARSHAK, Helen Williams, Ricky Williams and the Five Platters, Inc., Plaintiffs,

v.

Herb REED, Defendant.

No. 96 CV 2292(NG)(MLO).

United States District Court, E.D. New York.

March. 5, 2001.

Lowell B. Davis, Carle Place, NY, for plaintiffs.

T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, LLP, Stanley K. Shapiro, Boston, MA, for defendant.

## ORDER

GERSHON, District Judge.

Defendant Herb Reed requests that the court grant a stay pending appeal of the Injunction issued on February 1, 2001. The application is denied.

Rule 62(c), Fed.R.Civ.P., provides that when an appeal is taken from an interlocutory or final judgment granting an injunction, the court in its discretion may suspend or modify it during the pendency of the appeal "upon such terms ... as it considers proper for the security of the rights of the adverse party." Four factors are considered in determining whether to grant a stay: (1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility (although less than a likelihood) of success on appeal; and (4) the public interests that may be affected. *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993); *LNC Investments, Inc. v. Republic of Nicaragua*, 2000 WL 729216, at *1 (S.D.N.Y.2000).

1. Reed's claims of irreparable injury are speculative. Reed continues to be able to perform as per his agreement. Insofar as he claims that the Injunction might be read to preclude him from mentioning the fact that he was an original performer with the group "The Platters," he overstates the Injunction. He cannot get a stay by misstating the terms of the court's order.

2. As for injury to plaintiffs, the Injunction enjoins Reed from interfering with their use of the name The Platters. A stay would

allow Reed to continue to violate the terms of his agreement. Reed's ability to maintain his separate identity as an original member of The Platters is not impaired by the Injunction which, as with the settlement agreement whose terms are enforced by the Injunction, allows him to use performing names that both identify his connection to the original Platters and enable him to differentiate his group from others. The balance of hardships clearly favors the plaintiffs.

3. There is not a substantial possibility of success on appeal. For this conclusion, I rely upon my Opinion of February 1, 2001 granting the Injunction. Reed misconstrues that Opinion. The claims of Reed that I ignored the history and context and cases upon which he relies is belied by that Opinion which analyzed the history and cases in detail. In large part, the application for a stay is an effort to reargue, and indeed not only to reargue, but to reopen, the case, for Reed submits new affidavits as to the facts and even new arguments. Nothing he presents suggests that I misapprehended either the facts or the applicable law, or that a substantial appellate issue is presented.

4. The public interest favors denial of the stay. Reed's claim that the Injunction itself violates the Lanham Act is utterly devoid of merit. The Injunction upholds a lawful contractual agreement, indeed a so-ordered settlement agreement, that Reed now seeks to avoid. As described in the Opinion of February 1, the public interest in enforcing such agreements is strong. There is no merit to the argument that the public interest will be served by allowing Reed, as well as competing groups sponsored by FPI, to continue to perform as "The Platters" during the pendency of the appeal. If anything, allowing Reed to continue to perform under that name instead of a name unique to his group can confuse the public. Reed agreed to limit his use of the name "The Platters" as set forth in the 1987 agreement. He cannot now avoid that agreement by claiming that the existence of multiple Platters groups, which was clearly contemplated by the agreement, causes public confusion. Moreover, the Opinion addressed any public policy argu-

ments for declining to enforce the agreement and those arguments were rejected.

I also decline to issue a temporary stay while Reed seeks a stay pending appeal from the Second Circuit. There is no showing that Reed will suffer harm in the interim before the Second Circuit can consider his application, and, pursuant to the terms of the Injunction and the settlement agreement, he remains free to perform as "Herb Reed and the Platters" or "Herb Reed of the Original Platters."

**SO ORDERED.**